**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-60171

CERES MARINE TERMINAL,

Petitioner,

VERSUS

DAVID HINTON; and DIRECTOR,
OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S. DEPARTMENT OF LABOR

Respondents.

Petition for Review of an Order of the
Benefits Review Board

March 8, 2001

Before POLITZ, SMITH and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

This case arises out of a claim for disability benefits by David Hinton pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901-950 (1994).  Ceres Marine Terminals ("Employer") petitions for review of an order in favor of claimant Hinton entered by the United States Department of Labor Benefits Review Board ("the Board").  We enforce the order.

1

## FACTS AND PROCEDURAL HISTORY

On December 3, 1992, while working on the Houston waterfront as a longshoreman, Hinton was crushed between cargo containers. He was hospitalized for approximately a month, suffering from a dislocation and tear of the cartilage from the sternum. He received temporary total disability payments from December 4, 1992 to May 6, 1993. Hinton is currently 72 years old. He left school after completing the third grade in rural Arkansas. He cannot read or write or do simple math. He worked his entire life doing hard manual labor. In addition to the 1992 injury, Hinton's medical history included various back problems, including pain related to a fall of 18 or 20 feet in 1988 and back surgery performed in 1978.

The Employer disputed Hinton's eligibility for total permanent disability compensation. At trial before an Administrative Law Judge ("ALJ") on August 11, 1998, the Employer contended that Hinton was capable of returning to his former employment or of obtaining suitable alternative employment. During the hearing, the Employer and Hinton stipulated to the following:

> [Counsel for the Employer]: Yes, your Honor, specifically on page four, Employer's Exhibit 13. We are withdrawing as our prior offer of evidence of suitable alternate employment the listing for the Thrifty Car Rental sales agent position. However, we – counsel and I have agreed to allow the remainder of the jobs to be before the Court for consideration. If you decide Mr. Hinton cannot return to this former employment as to whether or not these positions – which one of them would equate to his residual earning capacity.

In a decision issued on December 29, 1998, the ALJ found that

Hinton was totally and permanently disabled to perform his usual occupation due to restrictions on use of the muscles that insert into the chest wall, which restrictions preclude lifting and reaching, and due to ongoing pain. The ALJ further found that Ceres had failed to carry its burden to show availability of suitable alternative employment. The ALJ concluded that Hinton was entitled to total and permanent disability benefits.

The Employer filed a motion for reconsideration of the order, along with Employer's counsel's affidavit, stating that he had agreed with Hinton's counsel to offer a labor market survey prepared by vocational expert Lorie McQuade-Johnson, but to forego calling her as a witness. The Employer argued that he understood that Hinton was stipulating to the ability to perform the jobs listed in the labor market survey admitted into evidence at the hearing. The ALJ found that the stipulation did not speak to Hinton's ability to perform the identified jobs, but that the parties had a bona fide misunderstanding as to the nature of the stipulation. The ALJ reopened the record "for the limited purpose of allowing the Employer to offer the deposition testimony of its vocational expert, Ms. [McQuade-]Johnson, and for the Claimant to offer any appropriate rebuttal evidence."

On February 2, 1999, the Employer deposed its vocational expert. In a letter that same day to the ALJ, the Employer, for the first time, stated that it was requesting partial relief of its liability for Hinton's permanent disability benefits under 33

3

U.S.C. § 908(f)("§ 8(f) relief"). The Employer served the Solicitor of Labor with its request for § 8(f) relief on February 9, 1999.

After considering the evidence, the ALJ concluded that the employer failed to establish the existence of jobs that Hinton could secure or retain, considering his age, cognitive skills, education, and physical impairments. The ALJ also denied the Employer's request for § 8(f) relief, finding that the request was untimely. The Board affirmed the ALJ's decision in full.

## DISCUSSION

### A. Standard of review

"[F]indings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). On further review, the Court's "only function is to correct errors of law and to determine if the [Board] . . . deferred to the ALJ's fact-finding. . . ." *Avondale Shipyards, Inc. v. Vinson*, 623 F.2d 1117, 1119 n.1(5th Cir. 1980). Accordingly, we will not disturb an ALJ's factual findings unless they are unsupported by substantial evidence in the record. *Director, OWCP v. Ingalls Shipbuilding, Inc. (Ladner)*, 125 F.3d 303, 305 (5th Cir. 1997).

"Whether the matter of Section 8(f) relief may be considered is a procedural legal matter and not a question of fact which requires the ALJ to make a finding based upon substantial

4

evidence." *Brady-Hamilton Stevedore Co. v. Director, OWCP*, 779 F.2d 512, 513 (9th Cir. 1985). The Director's interpretations of the Act and articulations of administrative policy are accepted as controlling, unless they are unreasonable readings of the statutory terms or contrary to clearly expressed legislative intent on the point in issue. *See generally, Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-45 & nn. 9, 11 (1984).

**B. ALJ'S disability and job availability findings**

The Employer contends that the ALJ erred in crediting the testimony of Dr. Gold, Hinton's treating physician, over the testimony of Dr. Stevens, the physician selected by the Department of Labor to perform an Independent Medical Examination. In related arguments, the Employer argues that the ALJ erred in referring to Dr. Gold's conclusions based on Hinton's consistent complaints of pain as "objective" and erred in crediting Dr. Gold's conclusions concerning Hinton's pain despite discrediting Hinton's own hearing testimony concerning the extent of his pain. The ALJ's conclusions are supported by substantial evidence in the record as a whole. *See Todd Shipyards Corp. v. Donovan*, 300 F.2d 741 (5th Cir. 1962)(ALJ may consider a variety of medical opinions as well as claimant's testimony in determining the extent of the claimant's disability).

The Employer also challenges the ALJ's factual determination

that the jobs identified in a 1993 labor market survey, as described by vocational expert McQuade-Johnson, do not establish the availability of suitable alternate employment. Specifically, the ALJ found that the Employer established that there are jobs within claimant's physical abilities available, for which an illiterate person would receive consideration. Nevertheless, he found that these jobs are unsuitable for claimant given his lack of mathematical skills, his age, and the fact that his entire employment history is limited to unskilled, heavy, manual labor.

When an employer demonstrates the availability of suitable alternative employment, the burden shifts to the claimant to show he diligently looked for work and was unable to find a job. *New Orleans (Gulfwide) Stevedores v. Turner*, 661 F.2d 1031, 1040 (5th Cir. Unit A. 1981). The ALJ disposed of this case on the first prong. The Employer contends that was error because the expert expressed the opinion that the jobs she had identified, including two cashier positions, were appropriate for Hinton and that Hinton offered no expert or other evidence to controvert the expert's opinion. The Employer also complains that the ALJ's "judicial notice" of Social Security regulations violated its due process rights arising under Federal Rule of Evidence 201.

First, the ALJ's discussion of regulations promulgated by the Social Security Administration in regard to its disability assessments was merely an illustration of the valid point that a

6

variety of factors relevant in assessing the vocational potential of an individual had not been taken into consideration by the vocational expert in this case. The ALJ took no "judicial notice" of any fact as contemplated by Federal Rule of Evidence 201 which would require prior notice and an opportunity to submit rebuttal evidence. Second, the ALJ's determination that the evidence offered did not sustain the Employer's burden of proving that suitable alternative employment existed for Hinton is a rational conclusion based on the evidence presented. The ALJ was not satisfied that the vocational expert's opinion adequately took into consideration all of the circumstances that affected Hinton's employability, and therefore rejected the expert's conclusion. The ALJ's factual determination concerning the availability of suitable alternative employment is supported by substantial evidence in the record as a whole.

In sum, we find no merit in the Employer's contention that the ALJ erred in concluding that Hinton was permanently and totally disabled and that no suitable alternative employment was available for him.

**C. Did Hinton's prior injury increase his disability under § 8(f)?**

Section 8(f) of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 908(f), was enacted to alleviate potential employment discrimination against handicapped employees. *American Bridge Div., U.S. Steel Corp. v. Director, OWCP*, 679 F.2d 81, 82

7

n.3 (5th Cir. 1982).  Under the Act's aggravation rule, if an employment injury aggravates, accelerates, exacerbates, contributes to, or combines with, a previous infirmity, disease or underlying condition, the employer is liable for compensation for, not just the disability resulting from the employment injury, but the employee's total resulting disability.  *Strachen Shipping Co. v. Nash*, 782 F.2d 513, 517 (5th Cir. 1986).  Where certain conditions are met, § 8(f) limits an employer's compensation liability, with any additional compensation being paid from the special fund established by § 44 of the Act.  33 U.S.C. § 944.

Section 8(f)(3) provides that any request for § 8(f) relief must be presented to the District Director; that failure to make such request shall be an absolute defense to special fund liability; and that the failure to timely file such a request will be excused if "the employer could not have reasonably anticipated the liability of the special fund prior to the issuance of a compensation order."  33 U.S.C. § 908(f)(3).[1]  Prior to 1984, § 8(f) contained no explicit restrictions on the time for raising a claim for relief under its provisions.  *See* Pub.L. No. 98-426, § 8(e)(5), 98 Stat. 1646 (amending 33 U.S.C. § 908(f) to add

---

[1]The District Director is a person "authorized by the Director to perform functions with respect to the processing and determination of claims for compensation under [the] Act."  20 C.F.R. § 701.301(a)(7).  The regulation substitutes the term "district director" for the term "deputy commissioner" which is used in the Act.  *Id.*

paragraph (f)(3)).  In a case decided under the pre-1984 version of § 8(f), we nonetheless construed it as requiring the claim for special fund apportionment to be raised before or at the initial hearing, and precluding an employer from raising a § 8(f) claim for the first time on review of the ALJ's award of total disability benefits.  *American Bridge*, 679 F.2d at 83.  Under the pre-1984 version of the law, the Director of OWCP, who is charged with representing the special injury fund, was usually unrepresented at the hearing before the ALJ, and thus, assertions of entitlement to § 8(f) relief often went uncontradicted when raised for the first time at the hearing.  *See* 51 Fed.Reg. 4270, 4277-78 (February 3, 1986)(reviewing history of actions under prior 33 U.S.C. § 908(f) and legislative history of new § 908(f)(3)).  To remedy this problem, Congress amended § 8(f) in 1984 to require that entitlement to § 8(f) relief be raised earlier, during informal proceedings before the deputy commissioner.  When the claim cannot be resolved without a formal hearing and is referred to an ALJ for a hearing, the implementing regulation provides:

> Where the claimant's condition has not reached maximum medical improvement and no claim for permanency is raised by the date the case is referred to the OALJ, an application need not be submitted to the district director to preserve the employer's right to later seek relief under section 8(f) of the Act.  In all other cases, failure to submit a fully documented application by the date established by the district director shall be an absolute defense to the liability of the special fund. This defense is an affirmative defense which must be raised and pleaded by the Director.  The absolute defense will not be raised where permanency was not an issue

9

> before the district director.  In all other cases, where permanency has been raised, the failure of an employer to submit a timely and fully documented application for section 8(f) relief shall not prevent the district director, at his/her discretion, from considering the claim for compensation and transmitting the case for formal hearing.  The failure of an employer to present a timely and fully documented application for section 8(f) relief may be excused only where the employer could not have reasonably anticipated the liability of the special fund prior to the consideration of the claim by the district director.

20 C.F.R. § 702.321(b)(3).

The Employer raised his claim for § 8(f) relief for the first time when it moved for modification of the ALJ's initial decision, citing Hinton's preexisting back problems as the basis of a claim that it ought not bear the entire liability of Hinton's total permanent disability.  The Employer contends that because the Director did not raise the affirmative defense of untimeliness defined by 20 C.F.R. § 702.321(b)(3), that affirmative defense was waived.  Thus it was improper for the ALJ to base his denial of § 8(f) relief on untimeliness.

The Employer is correct that the affirmative defense of untimeliness set out in 20 C.F.R. § 702.321(b)(3) is inapplicable to this case.  However, the Employer remained obligated to submit an application for § 8(f) relief at or before the initial hearing unless special circumstances excused its delay in raising the issue.  *See Universal Maritime Corp. v. Moore*, 126 F.3d 256, 267 (4th Cir. 1997).  The 1984 amendment to the Act was designed to advance to a point even earlier in the claim process the employer's

10

obligation to raise entitlement to § 8(f) relief.  *Id.*  Although the regulations promulgated under the 1984 amendments were designed to preserve the availability of the relief in cases in which the issue of § 8(f) relief could not be anticipated during the period of informal claim consideration before the deputy commissioner – cases in which there was then no claim of permanency – in general, they do not provide for a bifurcated liability determination process.  *Id.*  The Director argues that the 1984 amendment and its regulations did not abrogate our previously-established requirement that special fund liability be raised timely unless excused by special circumstances.  Absent clear congressional intent to the contrary, we afford deference to a reasonable construction of the Act by the Director because of his policy-making authority with regard to the Act.  *Chevron U.S.A.*, 467 U.S. at 842-45 & nn. 9, 11.

The ALJ held that "post-hearing requests for section 8(f) relief are generally denied as untimely where the employer could have requested such relief at the time of the initial hearing but failed to do so, absent compelling circumstances[,]" citing *American Bridge*, 679 F.2d at 82-83.  After examining and rejecting any potential special circumstances that may have excused the Employer's delay in making its § 8(f) claim, the ALJ concluded that he was "constrained to find that the Employer's request for section 8(f) relief is untimely."  Significantly, the ALJ did not rely on or make any reference to 20 C.F.R. § 720.321 timeliness.

11

The Employer makes no argument on appeal that circumstances excused it from presenting its § 8(f) claim prior to or at the hearing, nor does our review of the record reveal that any such circumstances existed.

We therefore conclude that the ALJ did not err in rejecting as untimely the Employer's § 8(f) claim, presented for the first time on motion for modification.

## CONCLUSION

Based on the foregoing, we enforce the Board's order.

ENFORCED.

12