**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 00-60075**

---

**ANDREW T. GALLE, deceased,**

**Petitioner - Cross-Respondent,**

**VERSUS**

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS,**
**U.S. DEPARTMENT OF LABOR,**

**Respondent,**

**INGALLS SHIPBUILDING, INC.; AETNA CASUALTY & SURETY COMPANY,**

**Respondents - Cross-Petitioners.**

---

Petition for Review of an Order
of the Benefits Review Board

---

March 26, 2001

Before REAVLEY, SMITH, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

The Court is asked to review final decisions of the Benefits Review Board determining that Galle's notice of appeal to the Board was timely and awarding a limited amount of compensation benefits under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.* Plaintiff Andrew T. Galle appeals the Board's decision on the merits of his claim for disability benefits. Galle argues that the Board properly held that his

notice of appeal from the ALJ's decision was timely, but that the Board erroneously limited his benefits by finding only a permanent *partial* disability, rather than a permanent *total* disability, by excluding certain medical services, and by refusing to award fees to Galle's representative. Defendant-employer Ingalls Shipbuilding, Inc. ("Ingalls") and Aetna Casualty and Surety Company ("Aetna"), which is Ingalls' LHWCA carrier, cross-appeal, arguing that the Board erroneously determined that Galle's notice of appeal to the Board was timely, but that the Board properly limited Galle's benefits. The Director of the Office of Workers' Compensation Programs ("OWCP") filed a brief limited to the question of whether Galle filed a timely notice of appeal to the Board. The Director construes the relevant federal rules and regulations to require the conclusion that Galle's notice of appeal was timely. We agree, and affirm the Board's determination that Galle filed a timely appeal with the Board. We likewise affirm the Board's decision on the merits of Galle's claim for disability benefits.

## I.  BACKGROUND

In November 1984, Galle was injured on the job when he tripped over debris left by other workers, and fell hard on his knee and right shoulder. Galle filed this claim for compensation benefits under the LHWCA in 1988. *See* 33 U.S.C. § 919. In June 1989, the ALJ held an evidentiary hearing on Galle's claim. On March 23,

2

1990, the ALJ issued a decision ordering Ingalls and Aetna to pay Galle temporary total disability benefits from November 1984 until October 1985, and permanent partial disability benefits from October 1985 forward. The ALJ excluded benefits for certain medical expenses claimed by Galle, *see* 33 U.S.C. § 907, and ordered the defendants to pay certain penalties, *see* 33 U.S.C. § 914(e). The decision was filed in the deputy commissioner's office on April 19, 1990. *See* 33 U.S.C. § 921 (a) (compensation orders become effective when filed in the office of the deputy commissioner). Galle moved for reconsideration, which was denied. *See* 20 C.F.R. § 802.206(b)(1) (permitting motions for reconsideration of an ALJ's benefit determination). Galle filed a timely appeal to the Board. *See* 20 C.F.R. § 802.205.

In July 1992, the Board affirmed the ALJ's decision, as modified to include additional benefits for medical services. On August 25, 1992, Galle moved for reconsideration of the Board's decision. *See* 20 C.F.R. § 802.219(i). Shortly thereafter, in January 1993, Galle unexpectedly died. Galle's counsel withdrew and his widow, Margaret Galle, continued as his "representative." In April 1993, Galle, represented pro se by his widow, filed a second motion for reconsideration of the Board's decision. In November 1993, the Board issued an order granting Galle's motion for reconsideration in part by changing the date upon which total temporary disability ended and permanent partial disability began

3

from October 1985 to June 18, 1987, thus affording Galle an additional twenty months of benefits for total disability. In January 1994, Galle filed a petition for review of the Board's decision with this Court, *see* 33 U.S.C. § 921(c), thus ending the first complete round of administrative review.

In January 1994, and while the petition for review was pending in this Court, the defendants filed a motion to alter or amend the November 12, 1993 Board decision. The defendants' motion was based upon new information indicating that Galle may have sought pre-authorization for certain medical services, as to which compensation had been denied on the theory that he had not sought such pre-authorization. In October 1994, the Board granted that motion, remanding the case to the ALJ with instructions to receive evidence on the pre-authorization issue and to re-evaluate whether the challenged medical expenses were compensable on the basis of that evidence. In November 1994, this Court dismissed the pending petition for review on the basis of the Board's remand order. Between February 1995 and November 1995, Galle filed several motions for reconsideration of certain aspects of the Board's October 1994 remand order. In December 1995, the Board issued an order stating that no further filings would be accepted by the Board because the case was on remand to the ALJ.

On remand, the ALJ received evidence on the pre-authorization issue. On June 5, 1998, the ALJ issued an order expanding the

4

award in Galle's favor by including some of the previously excluded medical expenses requested by Galle. Ingalls and Aetna were ordered to pay interest on the additional amount. The ALJ also awarded Galle $220 for travel expenses associated with receiving medical care, and denied Mrs. Galle's request for fees, which was based upon the premise that she was Galle's legal representative. On June 19, 1998, the decision was filed in the deputy commissioner's office.

On July 1, 1998, Galle filed a motion for reconsideration of the June 19, 1998, decision. The LHWCA regulations recognizing the right to file a motion for reconsideration of an ALJ's benefits determination provide that the motion must be "filed not later than ten days from the date the [ALJ's] decision or order was filed in the Office of the Deputy Commissioner." 20 C.F.R. § 802.206(b)(1). The issue to be decided in this case is whether parties should exclude or include weekends and holidays when calculating that ten-day time period. Galle and the Director maintain, and the Board held, that § 802.206(b)(1)'s ten-day time period must be calculated with reference to Federal Rule of Civil Procedure 6(a), which excludes weekends and holidays from the time computation. The parties agree that, if Rule 6(a) applies, Galle's motion for reconsideration was timely because it was filed before Monday, July 3, 1998. The defendants maintain that § 802.206(b)(1)'s ten-day time period must be calculated with reference to 29 C.F.R. § 18.4,

5

which requires that intervening weekends and holidays be included in the time computation. The parties agree that if § 18.4 applies, Galle's motion for reconsideration was untimely because it was not filed on or before June 29, 1998.

The ALJ denied Galle's July 1, 1998 motion for reconsideration on August 20, 1998. In the course of that denial, the ALJ stated that the motion was filed two days late, accepting the defendants' position that § 802.206(b)(1) required that the motion be filed on or before June 29, 1998. The ALJ nonetheless addressed the merits of Galle's motion for reconsideration, stating that Galle's pro se status entitled him to some leniency in application of the controlling time period. The ALJ's August 20, 1998 order denying Galle's July 1, 1998 motion for reconsideration was filed in the deputy commissioner's office on August 28, 1998.

On September 21, 1998, Galle filed an appeal of the ALJ's decisions on remand. A notice of appeal to the Board must be filed within thirty days from the date on which an ALJ's decision or order is filed in the office of the deputy commissioner. *See* 20 C.F.R. § 802.205. Failure to file within the proscribed period will "foreclose all rights to review by the Board," and an untimely notice of appeal will be summarily dismissed by the Board "for lack of jurisdiction." *Id*. The thirty-day time period is suspended, however, during the pendency of a timely filed motion for reconsideration of the ALJ's decision. *See* 20 C.F.R. § 802.206(a).

6

Galle's appeal to the Board was filed more than one-hundred days after the ALJ's decision on remand, but only twenty-four days after the ALJ's denial of his motion for reconsideration. Thus, Galle's September 21, 1998 notice of appeal to the Board was timely if and only if his July 1, 1998 motion for reconsideration was also timely, and therefore effective to suspend the thirty-day time period for filing an appeal.

On September 20, 1999, the Board affirmed the ALJ's decisions on remand. Rather than to rely upon the ALJ's theory that Galle was entitled to leniency in the application of the filing period, however, the Board held that Galle's motion for reconsideration before the ALJ, and thus, his appeal to the Board, was timely filed because the ten-day time period in 20 C.F.R. § 802.206 must be calculated using the computation method specified in Federal Rule of Civil Procedure 6(a). The Board then affirmed the ALJ's disposition on the merits of Galle's claim.

Galle moved for reconsideration of the Board's order to the extent it affirmed the ALJ's decision on the merits of his disability benefits claim, which the Board denied. *See* 20 C.F.R. § 802.219(i). Galle then filed a timely petition for review of the Board's decision with this Court. *See* 33 U.S.C. § 921(c). The defendants followed suit with a timely cross-appeal.

## II.

The case presents an important question of first impression

7

concerning the interplay of specific regulations and federal rules when calculating the time period for filing a motion for reconsideration of an Administrative Law Judge's benefit determination under the LHWCA. We begin with an analysis of the potentially controlling provisions.

Department of Labor ("DOL") regulations governing administrative review of LHWCA claims for compensation benefits are divided into three regulatory parts defined by the pertinent level of administrative review. The first set of regulations is found at 20 C.F.R. Part 702. These regulations govern administration and procedure for LHWCA claims before a district director. There is nothing in Part 702 recognizing any right to request reconsideration of an ALJ's decision or order.

The second set of regulations is found at 29 C.F.R. Part 18. These regulations are captioned "Rules of Practice and Procedure for Administrative Hearings before the Office of Administrative Law Judges" ("the OALJ rules or regulations"). Section 18.1 defines the scope of those rules as follows:

> (a) General application. These rules of practice are generally applicable to adjudicatory proceedings before the Office of Administrative Law Judges, United States Department of Labor. Such proceedings shall be conducted expeditiously and the parties shall make every effort at each stage of a proceeding to avoid delay. To the extent that these rules may be inconsistent with a rule of special application as provided by statute, executive order, or regulation, the latter is controlling. The Rules of Civil Procedure for the District Courts of the United States shall be applied in any situation not provided for or controlled by these rules, or by any

8

statute, executive order or regulation.

> (b) Waiver, modification, or suspension. Upon notice to all parties, the administrative law judge may, with respect to matters pending before him or her, modify or waive any rule herein upon a determination that no party will be prejudiced and that the ends of justice will be served thereby. These rules may, from time to time, be suspended, modified or revoked in whole or part.

29 C.F.R. § 18.1. Section 18.4 provides a method for computing

time periods specified "under these rules." Section 18.4 provides,

in relevant part:

> a) Generally. In computing any period of time under these rules or in an order issued hereunder the time begins with the day following the act, event, or default, and includes the last day of the period, unless it is a Saturday, Sunday or legal holiday observed by the Federal Government in which case the time period includes the next business day. When the period of time prescribed is seven (7) days or less, intermediate Saturdays, Sundays, and holidays shall be excluded in the computation.

> (b) Date of entry of orders. In computing any period of time involving the date of the entry of an order, the date of entry shall be the date the order is served by the Chief Docket Clerk.

> (c) Computation of time for delivery by mail.
> (1) Documents are not deemed filed until received by the Chief Clerk at the Office of Administrative Law Judges. However, when documents are filed by mail, five (5) days shall be added to the prescribed period.
> (2) Service of all documents other than complaints is deemed effected at the time of mailing.
> (3) Whenever a party has the right or is required to take some action within a prescribed period after the service of a pleading, notice, or other document upon said party, and the pleading, notice or document is served upon said party by mail, five (5) days shall be added to the prescribed period.

29 C.F.R. § 18.4. Section 18.4 adds five days to a prescribed

filing period whenever the party files by mail, § 18.4(c)(1), or

9

the party is required to take action within a prescribed period after receiving service by mail, § 18.4(c)(3). Significantly, there is nothing in the OALJ rules set out in 29 C.F.R. Part 18 granting, defining, or limiting any right to request reconsideration of an ALJ's decision.

The third set of regulations is found at 20 C.F.R. Part 802. These regulations ("the Board rules") set out the rules of practice and procedure governing the operation of the Benefits Review Board, and apply "to all appeals taken by any party from decisions or orders" relating to the entitlement to compensation or benefits under the LHWCA. 20 C.F.R. § 802.101(a). Section 802.205 sets out the requirement that a notice of appeal to the Board be filed within thirty days after the ALJ's decision or order is filed in the office of the deputy commissioner. As set forth above, § 802.205 further provides that the Board has no jurisdiction to consider an untimely appeal. *See* 20 C.F.R. § 802.205. Immediately following § 802.205 is § 802.206, the only regulatory provision in the DOL scheme recognizing and defining the right to seek reconsideration of an ALJ's decision. That provision, which is captioned "[e]ffect of motion for reconsideration on time for appeal," provides, in relevant part:

> (a) A timely motion for reconsideration of a decision or order of an administrative law judge or deputy commissioner shall suspend the running of the time for filing a notice of appeal.

> (b)(1) In a case involving a claim filed under the

10

> Longshore and Harbor Workers' Compensation Act or its extensions (see § 802.101(b)(1)-(5)), a timely motion for reconsideration for purposes of paragraph (a) of this section is one which is filed not later than 10 days from the date the decision or order was filed in the Office of the Deputy Commissioner.
>
> * * *
>
> (c) If the motion for reconsideration is sent by mail and the fixing of the date of delivery as the date of filing would result in a loss or impairment of reconsideration rights, it will be considered to have been filed as of the date of mailing. The date appearing on the U.S. Postal Service postmark (when available and legible) shall be prima facie evidence of the date of mailing. If there is no such postmark or it is not legible, other evidence such as, but not limited to, certified mail receipts, certificates of service and affidavits may also be used to establish the mailing date.

20 C.F.R. § 802.206. We note that nothing in § 802.206 provides that the time period for filing motions for reconsideration is mandatory or that untimely motions will be summarily dismissed. Cf. 20 C.F.R. § 802.205 (specifying that the time period for appeal from the Board's decision is mandatory and jurisdictional). To the contrary, subsection 802.206(c) provides that the date of mailing, rather than the date of filing, may be used when the movant's reconsideration rights would be otherwise impaired.

Section 802.221 sets out a computation of time rule for those matters governed by the Board rules. The computation of time rule set out in the Board rules is different from that set out in the OALJ rules (29 C.F.R. Part 18). Section 802.221 provides:

> (a) In computing any period of time prescribed or allowed by these rules, by direction of the Board, or by

11

any applicable statute which does not provide otherwise, the day from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

(b) Whenever a paper is served on the Board or on any party by mail, paragraph (a) of this section will be deemed complied with if the envelope containing the paper is postmarked by the U.S. Postal Service within the time period allowed, computed as in paragraph (a) of this section. If there is no such postmark, or it is not legible, other evidence, such as, but not limited to, certified mail receipts, certificate of service and affidavits, may be used to establish the mailing date.

(c) A waiver of the time limitations for filing a paper, other than a notice of appeal, may be requested by proper motion filed in accordance with §§ 802.217 and 802.219.

20 C.F.R. § 802.221. We note that § 802.221 recognizes a substantial amount of flexibility in filing periods. Indeed, § 802.221 permits a motion requesting a waiver of any time period, aside from that defining the time period for an appeal to the Board.

In sum, § 802.206 is the only DOL regulatory provision recognizing the right to seek reconsideration of an ALJ's benefit determination. That right is inextricably intertwined with the timing for and a party's right to seek further review by the Board. Both the OALJ rules found at 29 C.F.R. Part 18 and the Board rules found at 20 C.F.R. Part 802, specify a method for computing the time for filing documents governed by those rules. The computation rules, however, are different. The computation method

12

specified in § 18.4 of the OALJ rules requires that weekends and holidays be included when the time period for filing is seven days or less. The computation method specified in § 802.221 of the Board rules provides for flexibility in the calculation of most time periods, but does not expressly address whether weekends and holidays are included or excluded from the calculation of filing periods specified in the Board rules. Having set forth the potentially controlling regulatory provisions, we turn to an analysis of whether the computation of time method specified in § 802.221 should be supplemented by Federal Rule of Civil Procedure 6(a).

The Federal Rules of Civil Procedure are generally applicable to proceedings for the enforcement or review of LHWCA compensation orders, except to the extent that procedural matters are provided for in the Act. *See* FED. R. CIV. P. 81(a)(6). Federal Rule of Civil Procedure 6(a) sets out the general method for calculating filing time when the rules are applicable:

> (a) Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 11 days, intermediate

13

> Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held.

FED. R. CIV. P. 6(a). Neither the Act nor the Board rules specify whether weekends and holidays should be included or excluded when calculating the time period for filing a motion for reconsideration of the ALJ's decision. Thus, Federal Rule of Civil Procedure 6(a) could be used to supplement the computation of time rule found at 20 C.F.R. § 802.221. The OALJ rules, however, specify that holidays and weekends must be included when the filing period is less than eleven days. Thus, Federal Rule of Civil Procedure 6(a) is inconsistent with and cannot be used to supplement that regulatory rule. The question then becomes whether § 18.4 of the OALJ rules or § 802.221 of the Board rules, as supplemented by Federal Rule of Civil Procedure 6(a), provides the appropriate computation of time rule for a motion for reconsideration.

## III.

Galle and the Director maintain, and the Board held, that Federal Rule of Civil Procedure 6(a) provides the computation of time rule when determining whether a motion for reconsideration of an ALJ decision is timely. This position relies heavily upon the historical relationship between motions for reconsideration of an

14

ALJ's decision, on the one hand, and motions to amend or alter a judgment pursuant to Federal Rule of Civil Procedure 59(e), on the other.

Federal Rule of Civil Procedure 59(e) provides that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e). The filing of a timely Rule 59(e) motion suspends the time period for filing an appeal until there is a ruling on that motion. *See* FED. R. APP. P. 4(a); *see also* **Richardson v. Oldham**, 12 F.3d 1373, 1377-78 (5th Cir. 1994). Moreover, it is well established that Federal Rule of Civil Procedure 6(a) provides the rule for determining whether a Rule 59(e) motion is timely filed. *See*, *e.g.*, **Vincent v. Consolidated Operating Co.,** 17 F.3d 782, 785 n.11 (5th Cir. 1994); **Richardson**, 12 F.3d at 1377 n.9.

Prior to the time that § 802.206 was enacted, there were no statutory or regulatory provisions specific to the LHWCA that permitted the filing of a motion for reconsideration of an ALJ's decision. The Board filled that gap in its very first published decision, by holding that Federal Rule of Civil Procedure 59(e) provides the authority and procedure for the filing of a motion for reconsideration of an ALJ's decision. *See* **General Dynamics Corp. v. Hines**, 1 B.R.B.S. 3, 5-7 (1974). In reaching that decision, the Board relied, as did the Board in this case, upon Federal Rule of Civil Procedure 81(a)(6), together with the absence of any

15

statutory or regulatory provisions authorizing or setting out the time period for the filing of such motions. *See* **id**. The Board also relied upon the operation of Federal Rule of Appellate Procedure 4(a) to hold in **Hines** that a timely filed motion for reconsideration of the ALJ's decision would suspend the time period for filing an appeal to the Board. **Id**. at 6. Galle and the Director maintain that subsequent regulatory provisions permitting motions for reconsideration (20 C.F.R. § 802.206(b)(1)) and specifying a method for computing time periods set out in the Board rules (20 C.F.R. § 802.221) were derived from the Board's decision in **Hines** and patterned after the analogous provisions of the Federal Rules of Civil Procedure. *See* **Sebben v. Director, OWCP**, 10 B.R.B.S. 136 (1970) (noting that the recently passed computation of time rule in 20 C.F.R. Part 802 is "in conformity with rule 6(a)").

Galle and the Director also argue that the Board's decision to apply Federal Rule of Civil Procedure 6(a) to the ten-day time period set out in § 802.206(b)(1) is consistent with the purpose and effect of the controlling statutes and regulations. Like most workers' compensation schemes, the LHWCA represents a statutory compromise between the interests of injured employees and potentially liable employers and insurers. *See*, *e.g.*, **Ceres Gulf v. Cooper**, 957 F.2d 1199, 1204 (5th Cir. 1992). The compromise is intended to provide covered employees with a prompt and certain recovery. **Id**. In exchange, employers and insurers enjoy

16

substantial limitations upon their potential liability. *Id.*

Galle and the Director argue that the purpose of the regulatory provision permitting the filing of a motion for reconsideration was to provide a mechanism for avoiding a time consuming appeal to the Board, which in turn provides for an expeditious handling of compensation claims, an important concept underlying the LHWCA's statutory scheme. At the time Galle's claim was pending before the Board, an appeal to that body might take several years to process. Galle's own case is illustrative. Galle's first appeal to the Board was pending for more than two years before any decision was reached. Galle's subsequent motion for reconsideration required an additional year to process. Moreover, an additional four years passed between the time that the defendants first moved to alter or amend the Board's judgment and the time that the case was finally received for re-evaluation by the ALJ pursuant to the Board's remand order. While a small amount of this time is no doubt attributable to motions for reconsideration filed by Galle, the fact is that this appeal was pending before the Board for a length of time that seems inconsistent with the statutory purpose of providing prompt and certain benefits.

Galle and the Director also argue that the interest in promoting an expeditious handling of claims justifies a construction of § 802.206(b)(1) (granting the right to seek

reconsideration) that does not unfairly constrict the right given. The controlling regulations require that an ALJ's order be served upon the parties by mail. *See* 29 C.F.R. § 18.3(c). When the time period for mailing is considered, parties are often left with only a very few days in which to seek reconsideration. The Director maintains that parties are often foreclosed from filing any such motion altogether. Once again, Galle's own case is illustrative. Galle produced a post office receipt evidencing an attempted delivery of the ALJ's order to Galle on June 29, 1998, the very day that the defendants say Galle should have filed the motion for reconsideration. Thus, Galle and the Director conclude that there are no inconsistent regulatory provisions prohibiting the application of Federal Rule of Civil Procedure 6(a) to the ten-day time period defined in 20 C.F.R. § 802.206(b)(1). *See* FED. R. CIV. P. 81(a)(6). Moreover, application of that rule is consistent with the statutory and regulatory purpose of facilitating an expeditious handling of LHWCA claims.

The defendants rely upon the OALJ rule found at 29 C.F.R. § 18.4 to argue that Galle and the Director are ignoring a more specific LHWCA regulation requiring that weekends and holidays be excluded when calculating the ten-day filing period in 20 C.F.R. § 802.206(b)(1). The defendants' argument in this regard is premised almost entirely upon that language in 29 C.F.R. § 18.1 providing that 29 C.F.R. Part 18 applies to all "adjudicatory

18

proceedings before the Office of Administrative Law Judges." The defendants note that § 18.4 is similar, but not identical to Federal Rule of Civil Procedure 6(a). The defendants maintain that the differences in those rules are no oversight, but instead reflect a considered decision to narrow time periods of seven days or more by including weekends and holidays in the calculation of those time periods.

The Board rejected the defendants' text-based argument that 29 C.F.R. § 18.4 is necessarily applicable to the right granted in 20 C.F.R. § 802.206(b)(1), a separate regulatory part. The Board reasoned that 29 C.F.R. § 18.4 by its own terms, is applicable only to those time periods defined "under these rules or in an order issued hereunder." The Board reasoned that the regulatory reference in § 18.4 to time periods time specified "under these rules or in an order issued hereunder" expressly limits the application of § 18.4 to those time periods established or defined

by 29 C.F.R. Part 18 or contained in an ALJ's order issued pursuant to the OALJ rules.

The Director argues in favor of the Board's resolution of this issue. While neither the ALJ's nor the Board's legal interpretation of the controlling regulations is entitled to deference, *see H.B. Zachary Co. v. Quinones*, 206 F.3d 474, 478 (5th Cir. 2000), the Director's interpretation of the agency's own

19

regulations is controlling unless that interpretation is plainly erroneous or inconsistent with the text of the relevant regulations. *See **Auer v. Robbins***, 117 S. Ct. 905, 911-12 (1997).; *see also **Ceres Marine Terminal v. Hinton***, __ F.3d __, 2001 WL 170653 at *2 (5th Cir. 2001) ("The Director's interpretations of the Act and articulations of administrative policy are accepted as controlling, unless they are unreasonable readings of the statutory terms or contrary to clearly expressed legislative intent on the point in issue.")

The regulation recognizing a right to seek reconsideration from the ALJ is placed exclusively in 20 C.F.R. Part 802, the set of regulations governing proceedings before the Board. Without some sound justification, it is difficult to ignore the computation provision located in Part 802 and jump to a functionally separate set of regulations for a time computation provision. This is particularly true when, as here, the separate set of regulations set forth in 29 C.F.R. Part 18 is facially limited to the rules defined in that part. Moreover, the Director's position that Federal Rule of Civil Procedure 6(a) may be used to supplement the time computation provision set forth at 20 C.F.R. § 802.221 is consistent with the statutory and regulatory purpose of providing for an expeditious handling of LHWCA claims. We conclude that the Director's interpretation of the relevant provisions is entitled to deference. Accordingly, we hold that the ten-day time period for

20

the filing of motions for reconsideration of an ALJ's decision, as set forth in 20 C.F.R. § 802.206(b)(1), must be calculated using the computation method set forth in Federal Rule of Civil Procedure 6(a).

Federal Rule of Civil Procedure 6(a) requires that weekends and holidays be excluded when calculating time periods of less than eleven days. For that reason, Galle's July 1, 1998, motion for reconsideration of the ALJ's decision filed June 19, 1998, was timely. It follows that Galle's September 21, 1998, notice of appeal to the Board was timely, and that the Board had jurisdiction to consider Galle's appeal. Having established that the Board had jurisdiction to entertain Galle's appeal, we proceed to consideration of the Board's disposition on the merits of Galle's claim.

## IV.

An ALJ's benefit determination is reviewed using the substantial evidence rule. *See Avondale Indus. v. Pulliam*, 137 F.3d 326, 328 (5th Cir. 1998). If the ALJ's decision is free from legal error, then the Board must affirm if there is substantial evidence in the record to support the ALJ's determination. *See* 33 U.S.C. § 921(b)(3). "Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." *Pulliam*, 137 F.3d at 328. This Court reviews the Board's final

21

decision for legal error and for confirmation that the Board adhered to the substantial evidence standard of review applicable to the ALJ's underlying decision. *See **Port Cooper/T. Smith Stevedoring Co., Inc. v. Hunter***, 227 F.3d 285, 287 (5th Cir. 2000); ***Pulliam***, 137 F.3d at 328.

Galle raises a number of issues relating to the Board's affirmance of the ALJ's decisions on the merits. Specifically, Galle challenges: (1) the ALJ's determination that Galle did not suffer from a permanent total disability because he could perform available alternative work, and (2) the ALJ's determination that certain medical services were not compensable. Galle also raises several arguments attacking the accuracy or comprehensiveness of the ALJ's review of the record.

Having reviewed each of these arguments in light of the parties' arguments and the record on appeal, we conclude that the ALJ's factual determinations are supported by substantial evidence, and that the decisions of the ALJ and the Board are free from legal error. We therefore affirm the Board's final orders limiting Galle's disability benefits to payment for permanent partial disability and excluding certain medical services.

Mrs. Galle also challenges the ALJ's determination that she was not entitled to a "representative's" fee in addition to her stake in the outcome of the case. We agree with the ALJ's holding

that non-attorneys proceeding pro se cannot receive attorney's fees under the LHWCA.  *See* **Todd Shipyards Corp. v. Dir., OWCP**, 545 F.2d 1176, 1181 (9th Cir. 1976) (examining statutory language framing the availability of fees in terms of an attorney's services).  We therefore affirm the Board's order, which likewise affirmed the ALJ's determination that Mrs. Galle is not entitled to a representative's fee, in addition to her stake in the outcome.

## CONCLUSION

The final decisions of the Benefits Review Board are in all respects AFFIRMED.