# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-60686
Summary Calendar

BOH BROTHERS CONSTRUCTION CO.,

Petitioner,

v.

HORACE D. CRAFT; DIRECTOR, OFFICE OF WORKER'S
COMPENSATION PROGRAMS, US DEPARTMENT OF LABOR,

Respondents.

Appeal from the United States Department of Labor
Benefits Review Board
BRB No. 2:07-0120

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Employer Boh Brothers Construction Co., LLC ("Boh Brothers") seeks review of an order of the Benefits Review Board ("BRB") affirming the Administrative Law Judge's ("ALJ") judgment that Boh Brothers failed to establish the availability of suitable alternate employment and that it was liable for an assessment pursuant to Section 14(e) of the Longshoremen's and Harbor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Workers' Compensation Act ("LHWCA"). See 33 U.S.C. §§ 907, 914(e). Because the ALJ's holding and the BRB's affirmance are supported by the substantial evidence, this petition for review is DENIED and the decision of the BRB is AFFIRMED.

I.

On December 17, 2002, Horace D. Craft was employed by Boh Brothers when he slipped and fell on a barge, injuring his lower back as well as his right arm and shoulder. As a result, Craft underwent an anterior cervical discectomy on July 23, 2003. Craft returned to work on restricted duty on August 24, 2004. On January 20, 2005, Craft discontinued working on the recommendation of his treating physician due to continued pain. Boh Brothers voluntarily paid Craft temporary total disability compensation from February 28, 2003 through August 23, 2003, and from January 21, 2005 through the date of the formal hearing before the ALJ.

After a trial, the ALJ determined that Craft reached maximum medical improvement on November 25, 2003, and that, as of that date, he was unable to return to his previous position at Boh Brothers as a welding foreman due to his remaining physical restrictions. The ALJ also concluded that Boh Brothers failed to establish the availability of alternative suitable employment. Based on these findings, the ALJ awarded Craft temporary total disability from February 28, 2003 through August 23, 2003, and indefinitely beginning January 21, 2005. The ALJ found Boh Brothers liable for the injuries incurred as a result of his December 17, 2002, work injury and assessed damages against it pursuant to Section 14(e) of LHWCA on benefits owed to Craft prior to January 3, 2004, the date on which Boh Brothers filed its notice of controversion. The BRB affirmed the ALJ's decision. On appeal, Boh Brothers contends that the BRB erred by affirming the ALJ's factual determination that the jobs identified by the vocational expert do not establish the availability of suitable employment. Boh

Brothers also contends that the ALJ erred in finding it liable for a Section 14(e) assessment.

## II.

We review BRB decisions for errors of law and apply the substantial evidence standard to the BRB's review of the ALJ's factual determinations. See Odom Constr. Co. v. United States Dep't of Labor, 622 F.2d 110, 115 (5th Cir.1980), cert. denied, 450 U.S. 966 (1981). "Substantial evidence is that relevant evidence – more than a scintilla but less than a preponderance – that would cause a reasonable person to accept the fact finding." Director, OWCP v. Ingalls Shipbuilding, Inc., 125 F.3d 303, 305 (5th Cir.1997). We must affirm BRB decisions that conclude correctly that the ALJ's findings are supported by substantial evidence and are in accordance with the law. See Pride Offshore, Inc. v. Billiot, 240 F.3d 1073 (5th Cir. 2000) (citation omitted).

An employee establishes a prima facie case of disability under LHWCA by showing that he cannot perform his former job due to a job-related injury. New Orleans (Gulfwide) Stevedores v. Turner, 661 F.2d 1031, 1038 (5th Cir. 1981). Once an employee establishes a prima facie case of disability, the burden shifts to the employer to show the availability of suitable alternative employment. Id. To do so, an employer must demonstrate that there is at least one job in the claimant's geographic area, which he is realistically capable of performing given his age, background, and physical restraints, and that there is a reasonable likelihood that the claimant would be hired if he diligently pursued the opportunity. Turner, 661 F.2d at 1038; see also P & M Crane v. Hayes, 930 F.2d 424, 430 (5th Cir. 1991). Here, relying heavily on Craft's 2004 Functional Capacity Evaluation ("FCE") and the subsequent opinion of Craft's treating physician, Dr. Bert Bratton, the ALJ found that Craft was restricted from repetitive movement of his head and neck, and that he could not drive for sustained periods of time without difficulty. After reviewing the jobs identified

by vocational experts, Nancy Favaloro and Tom Stewart, in light of these restrictions, the ALJ determined that Boh Brothers failed to meet its burden to show that suitable alternative employment existed within the geographic area in which Craft could reasonably be expected to drive.[1]

Boh Brothers does not dispute that Craft has made a prima facie showing of disability, nor does it dispute the ALJ's findings regarding Craft's physical limitations. Rather, it contends that both vocational experts identified jobs in Craft's geographic area which he could perform, and that the ALJ erred by rejecting those jobs on the basis that Boh Brothers failed to provide sufficient information regarding the physical requirements of each job.[2] According to Boh Brothers, it did not need to establish the precise terms and nature of the jobs and such a requirement contravenes this court's decision in Turner, essentially requiring employers to serve as employment agencies. We disagree. Simply because an employer states that an employee is capable of performing a certain job does not mean that it is so. See Ceres Marine Terminal v. Hinton, 243 F.3d 222, 225 (5th Cir. 2001)(holding that the ALJ's factual determination that the employer did not sustain its burden of showing that suitable alternative

---

[1] Favaloro identified eight jobs, each of which the ALJ determined to be unsuitable. The following positions were found to be unsuitable because they involved repetitive movement of the head and neck: (1) Outside Cashier; (2) Component Assembler; (3) Lab Technician; (4) Manager Trainee; and (5) Communications Officer. The ALJ determined that the Products Specialist job was unsuitable due to the distance from Craft's home, and the Sales Associate job was unsuitable given that "the location of the job is at the maximum acceptable commuting distance" and that Favaloro failed to provide the specifics regarding the physical demands on the job. Similarly, the ALJ determined that there was "insufficient evidence in the record" to determine the suitability of the Service Advisor position.

The ALJ found that the report by Stewart, containing two jobs, "did not specifically identify [those] jobs as suitable alternative employment. Rather, the jobs are noted in a list of potential employers . . . ."

[2] Boh Brothers also argues that the ALJ erroneously required it to establish a specific job for Craft. This assertion confuses the issue on appeal. Here, the ALJ did not hold that Boh Brothers was required to identify a specific job for Craft, rather he found that Boh Brothers was required to establish the availability of jobs that Craft could perform given his physical restrictions as required under Turner.

employment for the claimant was reasonable because the vocational expert failed to "adequately [take] into consideration all of the circumstances that affected [the claimant's] employability . . . "). Rather, this court made clear that to rebut the claimant's prima facie showing of disability, an employer is required to show that "at the critical times there were jobs reasonably available within [the claimant's] capability and for which [the claimant] was in a position to reasonably compete realistically had he diligently tried." 661 F.2d 1043; see also P & M Crane, 930 F.2d at 430-31. Stated differently, an employer's burden is not limited to simply showing the availability of any job in the national economy; instead, the employer must also prove that the employee is "realistically capable" of performing those jobs identified by the vocational expert in order to satisfy its burden under Turner. See Hinton, 243 F.3d at 225.

Here, the ALJ noted that "the labor market survey performed by Ms. Favaloro used restrictions as outlined in the FCE, which . . . are not complete." The ALJ determined that it was necessary to supplement the finding reported in the FCE with the opinion of Bratton, which was given after Craft was unable to continue employment with Boh Brothers on restricted duties. Particularly, as noted above, the ALJ found that Craft should keep his head in a neutral position when working and avoid a + position that requires repetitive movement of the neck and head. Consistent with this conclusion, the ALJ declined to accept Favaloro's opinion, and after reviewing the jobs in light of Craft's physical restrictions, the ALJ determined that Boh Brothers failed to meet its burden to establish suitable alternative employment. In light of our review of the entire record and given that Favaloro's labor market survey was based on incomplete information, we find that substantial evidence supports the ALJ's determination. Accordingly, we refuse to disturb the BRB's affirmance on this issue.

Boh Brothers also argues that Craft failed to rebut the evidence of suitable alternative employment by showing that he diligently searched for a job but was

unable to find one. However, because we affirm the finding that Boh Brothers failed to establish suitable alternative employment, Craft had no duty to seek employment. See Rogers Terminal & Shipping Corp. v. Director, OWCP, 784 F.2d 687, 691 (5th Cir. 1986)(noting that the burden shifts to the claimant to demonstrate "that he diligently tried and was unable to secure employment" after the employer meets its burden to show suitable alternative employment).

III.

Boh Brothers next asserts that the ALJ erred by assessing a Section 14(e) penalty against it for the difference between the amount of benefits voluntarily paid to Craft and the amount of benefits actually due between February 28, 2003 and January 3, 2004, the date which Boh Brothers filed its notice of controversion. Section 14(e) of LHWCA, 33 U.S.C. § 914(e), provides that "[i]f any installment of compensation payable without an award is not paid within 14 days after it becomes due . . . there shall be added to such installment an amount equal to 10 per centum thereof," unless the employer files a timely notice of controversion within 14 days of notice of the claim, 33 U.S.C. § 914(d).

It is undisputed that Craft filed a claim on May 5, 2003, contending that he was entitled to benefits at a higher rate. At that time, Boh Brothers was required to pay all of the additional benefits sought by Craft within 28 days, or file a notice of controversion within 14 days in order avoid incurring any liability under Section 14(e). Although Boh Brothers increased Craft's weekly benefits, it did not pay all of the additional benefits sought by Craft and it failed to file a timely notice of conversion. Accordingly, the BRB properly affirmed the decision of the ALJ, assessing a Section 14(e) penalty on the amount of unpaid benefits from February 28, 2003 until the date Boh Brothers filed its notice of controversion.

For the foregoing reasons, the decision of the BRB is AFFIRMED.