# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2013

No. 12-60222

Lyle W. Cayce
Clerk

ISLAND OPERATING COMPANY, INCORPORATED; LOUISIANA
WORKERS' COMPENSATION CORPORATION,

Petitioners,

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR; MARTIN B. TAYLOR, JR.,

Respondents.

Petition for Review from an Administrative
Decision of the Benefits Review Board

Before DeMOSS, OWEN, and HAYNES, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Island Operating Company and its carrier, the Louisiana Workers' Compensation Corporation (collectively, Island) have petitioned this court to review a modification of a benefits award under the Longshore and Harbor Workers' Compensation Act (LHWC Act). Island asks that we reverse the modified decision because the original judgment was not eligible for modification or alternatively, because the facts do not support the modification. We affirm.

No. 12-60222

**I**

In January 2006, Martin B. Taylor, Jr. (Taylor) was working offshore for Island on an oil production platform when his right knee popped as he was crossing the deck. Over the next month, Island sent Taylor to two different physicians and an orthopaedic surgeon, all of whom pronounced that he would progress back to full-time work. It was during this time that Taylor began to experience pain in his left knee as well. Taylor performed light duty work for Island until late May when his employment was terminated. Following his termination, Taylor continued to experience pain in both knees so he consulted another orthopaedic surgeon, Dr. John Fairbanks, who performed surgery on Taylor's knees. Despite the surgery, Taylor continued to suffer from pain in both knees.

In May 2006, Taylor filed a claim for benefits under the LHWC Act. The administrative law judge (ALJ) initially denied the claim, finding that Taylor's condition had been caused by preexisting arthritis and not a traumatic work-related incident. The Benefits Review Board (BRB) reversed and remanded, explaining that proof of a traumatic injury was unnecessary because preexisting conditions that are aggravated by a claimant's work are covered by the LHWC Act. The ALJ then awarded Taylor temporary partial disability benefits and temporary total disability benefits for two periods prior to September 16, 2006—the date at which the ALJ determined Taylor's condition had reached "maximum medical improvement" (MMI). The ALJ explained that except for the period from August 9, 2006 to September 16, 2006 when Dr. Fairbanks took Taylor off work, Taylor was not completely disabled because Island had established that suitable alternative employment was available.

In January 2010—within the mandated one-year period—Taylor filed a modification application to seek benefits for permanent partial disability. The issues are whether, and to what extent, Taylor's knees were impaired after

2

No. 12-60222

reaching MMI on September 16, 2006. Taylor submitted reports from two physicians, Dr. Fairbanks and Dr. Murphy, which both found that Taylor had a 25-percent permanent disability in each knee. On this basis, the ALJ granted Taylor's modification petition. Though Island argued—and the ALJ acknowledged—that "the impairment ratings used as evidence . . . to establish his modification were arguably available at the time of the original hearing," the ALJ concluded that "a modification can be granted based upon previously available evidence." Therefore, the ALJ modified the previous judgment to include permanent partial disability benefits commensurate with a 25-percent impairment of each knee to commence on September 16, 2006.

Island appealed this decision to the BRB, which affirmed. Explaining that the modification provision was intended to replace finality with accuracy, it held that the ALJ had properly modified the award based on a mistake, despite the fact that the evidence Taylor presented in support was available prior to the initial hearing. Island now files a petition for review.

## II

We review appeals from BRB decisions to correct errors of law and to determine whether the BRB properly deferred to the ALJ's factfinding.[1] Because the BRB's conclusion that the ALJ correctly applied § 22 to reopen Taylor's claim is a question of law, it is subject to this court's de novo review.[2]

As to disputed issues of fact, like the BRB, "[w]e may not substitute our judgment for that of the ALJ, nor reweigh or reappraise the evidence, but may only determine whether evidence exists to support the ALJ's findings."[3] Accordingly, we examine "whether the BRB properly concluded that the ALJ's

---

[1] *Ceres Marine Terminal v. Hinton*, 243 F.3d 222, 224 (5th Cir. 2001).

[2] *Pool Co. v. Cooper*, 274 F.3d 173, 177 (5th Cir. 2001).

[3] *SGS Control Servs. v. Dir., Office of Worker's Comp. Programs, U.S. Dep't of Labor*, 86 F.3d 438, 440 (5th Cir. 1996).

3

No. 12-60222

factual findings were supported by substantial evidence on the record as a whole."[4] Substantial evidence is that which "provides a substantial basis of fact from which the fact in issue can be reasonably inferred."[5] The BRB and this court will not disturb an ALJ's factual findings unless reasonable minds would not accept the findings as "adequate to support a conclusion."[6]

### III

Island first argues that Taylor's claim was never eligible for modification because he never satisfied the legal predicate necessary to invoke this action. Island argues in the alternative that even if reopening the claim was appropriate, the modification decision was not supported by the facts. We address each challenge in turn.

### A

The threshold issue is whether Taylor has established sufficient grounds to invoke a modification of a prior judgment under the LHWC Act.[7] Section 22 of the Act provides, in relevant part:

> Upon his own initiative, or upon the application of any party in interest . . . on the ground of a change in conditions or because of a mistake in a determination of fact by the [ALJ],[8] the [ALJ] may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case . . .

---

[4] *Pool*, 274 F.3d at 178 (internal quotation marks omitted).

[5] *Avondale Indus., Inc. v. Dir., Office of Workers' Comp. Programs*, 977 F.2d 186, 189 (5th Cir. 1992) (internal quotation marks omitted).

[6] *Id.* (internal quotation marks omitted).

[7] 33 U.S.C. §§ 901-950.

[8] While § 22 under the Act specifically refers to the "deputy commissioner," the 1972 Amendments transferred the hearing functions formerly exercised by those officials to administrative law judges. *Id.* § 919(d).

No. 12-60222

[and] issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.[9]

By its terms, the statute provides two avenues for modification of a prior judgment: (1) a change in conditions, or (2) a mistake in a determination of fact by the ALJ. The sole basis of this petition concerns what constitutes "a mistake in a determination of fact" such that a prior judgment is eligible for modification.

Island urges that a mistake of fact can serve as grounds for modification only if it is based on completely new and previously unattainable evidence. To hold otherwise, it argues, would permit claimants to relitigate claims under the guise of § 22, which would compromise judicial finality. Because the testimony of both physicians was available at the time of Taylor's original hearing, Island asserts that this evidence cannot support a mistake and therefore, that modification of the judgment is not available.

The Supreme Court, however, has expressly permitted modification under these circumstances. In *Banks v. Chicago Grain Trimmers Ass'n*,[10] the Court concluded that the language "a mistake in a determination of fact" was intended to have a broad scope.[11] In *Banks*, a death-benefits claim was initially denied because the survivor-claimant had failed to prove a causal connection between the worker's fatal fall at home and a work-connected injury.[12] Several months later, the survivor filed a second claim after discovering an eyewitness to a work-connected injury suffered by the decedent on the same day as his fall.[13] While the court of appeals held this second claim was barred by res judicata, the Court

---

[9] *Id.* § 922.

[10] 390 U.S. 459 (1968).

[11] *Banks*, 390 U.S. at 464.

[12] *Id.* at 460.

[13] *Id.* at 461.

held that the purpose of the amendment to § 22 was to displace finality "in order to render justice under the act."[14]  The Court held that the second claim, challenging the factual finding that the decedent's fall did not result from a work-related injury, came within the scope of § 22.[15]

Significantly, the Court did not discuss whether the survivor-claimant could have discovered the eyewitness before the first hearing.  Rather, it upheld the modification award because "nothing in [§ 22's] legislative history [] support[ed] the [] argument that a 'determination of fact' means only some determinations of fact and not others."[16]  Therefore, a "determination of fact" could include facts which may have been known to the claimant since the "purpose of this amendment was to broaden the grounds on which [an ALJ] can modify an award."[17]

The Court revisited § 22 in *O'Keeffe v. Aerojet-General Shipyards, Inc.*,[18] in which a disability claim was initially denied for failure to prove that the condition was work-related.[19]  Based on the testimony of two physicians, the claimant reopened his case under § 22 to show that contrary to the initial determination, his condition had "been materially aggravated and hastened by the circumstances of [his] employment."[20]  The lower court denied modification because without "new" evidence, § 22 did not permit an ALJ "to receive

---

[14] *See id.* at 461, 464 (internal quotation marks omitted).

[15] *Id.* at 465.

[16] *Id.*

[17] *Id.* at 464 (internal quotation marks omitted).

[18] 404 U.S. 254 (1971) (per curiam).

[19] *O'Keeffe*, 404 U.S. at 254.

[20] *Id.* (internal quotation marks omitted).

additional but cumulative evidence and change his mind."[21] The Court, however, upheld the modification award because "[n]either the wording of [§ 22] nor its legislative history supports this narrowly technical and impractical construction."[22] "[O]n its face, the section permits a reopening within one year because of a mistake in a determination of fact," and "[t]here is *no limitation* to particular factual errors, or to cases involving *new* evidence."[23]

Island asserts, however, that even if § 22 was intended to favor justice over finality, the Court's interpretation ignores finality altogether. Despite the one-year limitations period, a claimant can theoretically create endless litigation by continuously moving to modify an award within a year of the previous modification. While we acknowledge Island's concerns, the remedy lies with Congress and not with this court. In *Metropolitan Stevedore Co. v. Rambo*,[24] the petitioner similarly argued that to equate a change in wage-earning capacity to a "change in conditions" under § 22 would "flood" courts with litigation "because parties [would] request modification every time an employee's wages change[d] or the economy [took] a turn."[25] But the Court held that such an argument was "better directed at Congress" rather "than at the courts."[26] Likewise, any narrowing of the mistake-modification language must be enacted through legislative channels.

---

[21] *Id.* at 255 (internal quotation marks omitted).

[22] *Id.* (internal quotation marks omitted).

[23] *Id.* (emphasis added) (internal quotation marks omitted).

[24] 515 U.S. 291 (1995).

[25] *Rambo*, 515 U.S. at 300.

[26] *Id.*

No. 12-60222

In sum, both *Banks* and *O'Keeffe* clearly establish that contrary to Island's position, mistakes of fact are not limited to newly discovered and previously unattainable evidence. Therefore, we affirm the BRB's decision on this basis.

**B**

Island next argues that even if Taylor presented a legally sufficient claim to reopen his award, the facts do not support the modification he received. As noted earlier, this court does not reweigh or reappraise evidence but only determines whether evidence exists to support the ALJ's findings.[27] Here, the ALJ granted modification on the basis of testimony from two different physicians who had examined Taylor and reviewed his medical records. Both physicians concurred that Taylor had a 25-percent impairment rating in both knees. Accordingly, there was evidence to support the ALJ's finding, and the BRB correctly affirmed the modification of Taylor's award to include permanent partial benefits.[28]

\*　　\*　　\*

For the foregoing reasons, the BRB's decision is AFFIRMED.

---

[27] *Supra* notes 3-6 and accompanying text.

[28] *See SGS Control Servs. v. Dir., Office of Worker's Comp. Programs, U.S. Dep't of Labor*, 86 F.3d 438, 443-44 (5th Cir. 1996) (affirming the grant of permanent disability benefits because the ALJ had substantial factual evidence to support its conclusion).