873 F.2d 225
 SEVEN STAR, INC., a California corporation; Elluz
Corporation, a California corporation, Plaintiffs-Appellants,
v.
UNITED STATES of America; Immigration and Naturalization
Service; Ernest E. Gustafson, Jr., District
Director, Los Angeles District Office, I
& NS, Defendants-Appellees.
 No. 88-5525.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 8, 1989.
Decided April 24, 1989.
 
 Laurence Speiser, Los Angeles, Cal., for plaintiffs-appellants.
 Michael C. Johnson, Sp. Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before SCHROEDER, FLETCHER and TROTT, Circuit Judges.
 SCHROEDER, Circuit Judge:
 
 
 1
 Plaintiffs-appellants are the owners of five ballrooms in Los Angeles that employ workers from Mexico and Central America as dance hostesses. The plaintiffs originally applied to the Department of Labor (DOL) for alien employment certification to obtain H-2 temporary worker visas for their hostesses, pursuant to 8 U.S.C. Secs. 1101(a)(15)(H)(ii) & 1184(c) and 20 C.F.R. Sec. 655.101. After the DOL denied the visas, the plaintiffs resubmitted their applications to the Immigration and Naturalization Service (INS) Los Angeles district office pursuant to 8 C.F.R. Sec. 214.2. They were again denied.
 
 
 2
 Plaintiffs filed this action in district court for a temporary restraining order and preliminary and permanent injunctive relief to prevent the INS from raiding their businesses and deporting their hostesses pending exhaustion of their administrative remedies concerning the visa petition denials. The district court denied all forms of injunctive relief.
 
 
 3
 The district court in effect held not only that the balance of equities did not favor the plaintiffs, but that the plaintiffs had not demonstrated a likelihood that they would prevail on the merits of their position that employees were entitled to certification as H-2 "temporary" workers. The principal question before us is whether the district court abused its discretion in holding that the plaintiffs had not demonstrated a likelihood of success on the merits.
 
 
 4
 In order to qualify for an H-2 visa, alien workers must show that they have come "temporarily to the United States (a) to perform agricultural labor or services ... of a temporary or seasonal nature, or (b) to perform other temporary service or labor...." 8 U.S.C. Sec. 1101(a)(15)(H)(ii). The DOL regulation defines "temporary" as "where the employer needs a worker for a position, either temporary or permanent, for a limited period of time, which shall be for less than one year...." 20 C.F.R. Sec. 655.100(c)(2)(iii). The INS regulation uses a similar definition. See 8 C.F.R. Sec. 241.2(h)(3)(iv)(A). The regulations do not provide that any worker who works for less than one year is automatically considered to be temporary. The INS determines the permanence of a position by looking to the nature of the employer's need for the duties to be performed, rather than to parties' intentions as to how long any one worker will actually hold a particular job. Sussex Engineering, Ltd. v. Montgomery, 825 F.2d 1084, 1088-90 (6th Cir.1987), cert. denied, --- U.S. ----, 108 S.Ct. 1473, 99 L.Ed.2d 702; In re Artee Corp., 18 I & N Dec. 366 (Comm.1982).
 
 
 5
 In this case it is clear that the employees in question were not hired on a seasonal basis or with an understanding that the need for their employment was temporary. Nothing in the nature of plaintiffs' business would call for hostess employment on only a temporary basis.
 
 
 6
 In order to show their good faith and to establish equities in their favor, the plaintiffs took an unusual step during the course of this litigation. They promised to go out of business within a year of the entry of any injunction. Plaintiffs argue that by agreeing to go out of business they have demonstrated a need for workers that lasts for less than one year. This "need," however, is caused by plaintiffs' response to the requirement of the regulations and not by the nature of the job. There is no authority in the regulations, their history, or case law to suggest that employees can be deemed "temporary" because their employer plans to go out of business solely to avoid the requirements otherwise imposed on hiring aliens.
 
 
 7
 Plaintiffs also argue that we must reverse the judgment because they are entitled to discovery in an effort to demonstrate a denial of equal protection. This argument arises from plaintiffs' allegation that some years ago the INS approved H-2 visas for the Horsemen's Benevolent Protective Association for grooms and exercise riders in the horse racing industry. Plaintiffs seek to show that the racing industry employer was "similarly situated" to the dance hall employers in this case.
 
 
 8
 A claim that an administrative agency has made different decisions in different cases, in different years, does not give rise to a claim for relief on equal protection grounds. Assuming arguendo that the plaintiffs could successfully show some inconsistency in decisions involving these two different industries, equal protection principles should not provide any basis for holding that an erroneous application of the law in an earlier case must be repeated in a later one. Moreover, a decision by an administrative agency in one case does not mandate the same result in every similar case in succeeding years. See, e.g., Artukovic v. INS, 693 F.2d 894, 898 (9th Cir.1982) (collateral estoppel and res judicata are to be applied flexibly in the administrative law context). Our courts have never held that an agency cannot change its collective mind on a legal issue. We have recognized that such changes occur. See Mesa Verde Const. Co. v. Northern Cal. Dist. Council of Laborers, 861 F.2d 1124, 1134 (9th Cir.1988) (en banc) (NLRB "is free to change its interpretation of the law if its interpretation is reasonable and not precluded by Supreme Court precedent").
 
 
 9
 The district court did not abuse its discretion in concluding that the plaintiffs had not demonstrated a likelihood of success on the merits of their claim. The district court's denial of injunctive relief is AFFIRMED.