Therefore, for the reasons stated above, the Court grants defendants' cross motion for summary judgment and denies plaintiffs' cross motion for summary judgment. Judgment be and is entered in favor of defendants and against plaintiffs on Counts I and II of plaintiffs' amended petition.

**William A. WEBB, d/b/a Blue Circle Tavern & Restaurant, Plaintiff,**

v.

**STATE OF MISSOURI, et al., Defendants.**

**No. 90–1483–C(5).**

United States District Court, E.D. Missouri, E.D.

Nov. 7, 1991.

Claude Hanks, Chesterfield, Mo., for plaintiff.

M. Melissa Manda, Asst. Atty. Gen., Jefferson City, Mo., for State of Mo.

## MEMORANDUM

LIMBAUGH, District Judge.

Plaintiff William A. Webb, d/b/a Blue Circle Tavern & Restaurant, brought this action against the State of Missouri and the City of St. Louis and its Excise Commissioner Robert Kraiberg after he was denied a Sunday liquor license for his business. He alleges a denial of equal protection of the laws. This matter is before the Court upon the motion to dismiss of the State of Missouri, Department of Public Safety, Division of Liquor Control (the "State".)

Plaintiff's original complaint alleged that the state denied him a liquor license because he did not meet the qualifications, and that he knew of someone else who had a license who did not meet the qualifications. Plaintiff failed to allege that defendants denied the license based on any impermissible ground. "A claim that an administrative agency has made different decisions in different cases ... does not give rise to a claim for relief on equal protection grounds." *Seven Star, Inc. v. United States,* 873 F.2d 225, 227 (9th Cir.1989). Accordingly, the Court granted Robert Kraiberg's motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim on June 5, 1991. Plaintiff requested an interlocutory appeal, which the Court denied.

On August 8, 1991, plaintiff sought leave to file a second amended complaint, which the Court took under advisement. The second amended complaint was substantially the same as the first, but alleged that the state granted a Sunday liquor license to a competitor who failed to meet the qualifications. The State moved to dismiss for failure to state a claim.

Plaintiff tried again with third amended complaint. His third amended complaint alleged that his "physical appearance and skin color appears to be that of the Black race" and that defendant "singled plaintiff out due to their belief that plaintiff is a black man." He did not allege that he is, in fact, a black man, nor did he allege any facts to suggest that the defendant would even have had any knowledge of physical appearance at the time he applied for and was denied a Sunday liquor license.[1]

Fed.R.Civ.Proc. 15(a) governs when a party may amend his pleading. After a responsive pleading has been filed, a party may amend only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Plaintiff sought leave to file the third amended complaint, which the Hon. Judge Clyde S. Cahill granted on September 27, 1991. Ordinarily, an application for an order in a case should be made to the Judge to which such case is assigned. On September 27, 1991, however, this judge was trying cases in the Southeastern Division, so it was not improper for plaintiff to seek leave from another judge. Judge Cahill did not have the benefit of the history of the case at the time granted leave to filed the third amended petition. Justice does require allowing plaintiff, who is represented by counsel, to amend his complaint endlessly in attempt to state a claim.[2] The court now grants leave to file the second amended complaint, vacates the Order granting leave for the third-amended complaint, and considers the State's motion to dismiss.

---

1. Even if the Court were to consider plaintiff's third amended complaint, it appears he has again failed to state a claim. Assuming the Equal Protection Clause would apply to someone who "looks like" a certain race, plaintiff's complaint does not allege sufficient facts to suggest that defendant discriminated against him on that basis. It appears to the Court that plaintiff's counsel is merely making a desperate attempt to survive a motion to dismiss.

2. The Court also notes that plaintiff's counsel failed to file the third amended complaint and failed to sign a certificate of service regarding the third amended complaint.

In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Toombs v. Bell,* 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* at 122–123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 102. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fusco v. Xerox Corp.,* 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of the plaintiff's complaint.

Plaintiff's complaint alleges that he does business in the City of St. Louis as the Blue Circle Tavern and Restaurant and maintains a liquor license issued by the City of St. Louis, Excise Commissioner's Office and the State of Missouri, Division of Liquor Control. He applied for a license to sell alcoholic beverages on Sunday, but defendant denied it.

Defendant denied the license on the basis that plaintiff's sales of alcoholic beverages exceeded 50 percent of the total sales volume. Mo.Rev.Stat. § 311.097 permits a Sunday liquor license at a "restaurant bar" when an applicant meets certain qualifications. The statute defines "restaurant bar" as an establishment with at least 50 percent of the gross income from the sale of food consumed on the premises or with an annual gross income of at least $275,000 from sale of food consumed on the premises.

Plaintiff admits his liquor sales exceed 50 percent of his total sales. He bases his complaint on his allegation that he knows of another proprietor, a competitor, who holds a Sunday liquor license despite the fact that the liquor sales exceed 50 percent of the food sales for consumption on the premises. Therefore, plaintiff contends defendant discriminated against him.

Plaintiff has failed to state a claim. He admits he does not meet the qualifications for a Sunday liquor license and he has failed to allege that defendant intentionally or purposefully discriminated against him. Plaintiff has failed to allege that defendant denied the license based on any impermissible ground. "A claim that an administrative agency has made different decisions in different cases ... does not give rise to a claim for relief on equal protection grounds." *Seven Star, Inc. v. United States,* 873 F.2d 225, 227 (9th Cir.1989).

Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, defendant's motion to dismiss will be granted.