975 F.2d 867
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
William A. WEBB, d/b/a Blue Circle Tavern & Restaurant, Appellant,
v.
STATE of Missouri, Department of Public Safety, Division of
Liquor Control; City of St. Louis, Excise
Commissioner's Office; Robert Kraiberg,
Excise Commissioner, Appellees.
 No. 92-1009.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 15, 1992.
Filed: September 23, 1992.
 
 Before JOHN R. GIBSON, BEAM, MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 William Webb appeals the dismissal of his 42 U.S.C. § 1983 action. In his complaint, he alleged his right to equal protection was infringed by the State of Missouri and its excise commissioner, Robert Kraiberg, in the denial of a Sunday liquor license for his business. The district court dismissed the complaint for failure to state a claim. We affirm.
 
 
 2
 Webb asserts the district court erred in dismissing the action and also abused its discretion in denying him leave to file a third amended complaint. A complaint should not be dismissed unless it appears beyond doubt on the face of the complaint that plaintiff can prove no set of facts in support of his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In his complaint, plaintiff alleges that he does business as the Blue Circle Tavern & Restaurant, maintains a license to sell liquor, and applied for a license to sell liquor on Sunday. He further alleges that the defendants denied his application for the reason that Webb's sales of alcoholic beverages exceed fifty percent of total revenue for the restaurant/tavern. Webb admits that his liquor sales exceed fifty percent of total sales, but alleges that another tavern proprietor with liquor sales over fifty percent was granted a Sunday liquor license. Webb contends these allegations present an equal protection claim. We agree with the district court that Webb's complaint fails to state a claim. A claim that an administrative agency has made different decisions in different cases does not give rise to an equal protection claim. Seven Star, Inc. v. United States, 873 F.2d 225, 227 (9th Cir.), cert. denied, 493 U.S. 893 (1989).
 
 
 3
 Although a motion for leave to amend should be freely granted when justice requires, Fed. R. Civ. P. 15(a), the decision to grant such a motion is entrusted to the discretion of the trial court. Littlefield v. City of Afton, 785 F.2d 596, 609 (8th Cir. 1986). Here, Webb attempted to file a third amended complaint adding allegations that his "physical appearance and skin color appears to be that of the Black race." These allegations of racial animus were added over a year after the filing of the original complaint in what the district termed "a desperate attempt to survive a motion to dismiss". Memorandum and Order, No. 90-1483-C(5) at 2 n.1 (E.D. Mo. Nov. 7, 1991). The district court's discretion to deny leave to amend is particularly broad where the court has already given a plaintiff an opportunity to amend. Fidelity Financial Corp. v. Federal Home Loan Bank, 792 F.2d 1432, 1438 (9th Cir. 1986), cert. denied, 479 U.S. 1064 (1987). Under the circumstances, we cannot find that the district court abused its discretion.
 
 
 4
 Moreover, the district court found that the proposed amended complaint still failed to state a claim. There were no allegations that the defendants knew of his physical appearance as a black person at the time he applied for and was denied a Sunday liquor license. Leave to amend may be properly denied for several reasons, including undue delay, bad faith or dilatory motive, undue prejudice and futility of amendment. Perkins v. Spivey, 911 F.2d 22, 34 (8th Cir. 1990).
 
 
 5
 Accordingly, we affirm.