# Meaning of "Temporary" Work Under 8 U.S.C. § 1101(a)(15)(H)(ii)(b)

A regulation proposed by United States Citizenship and Immigration Services providing that "temporary" work under the H-2B visa program "[g]enerally . . . will be limited to one year or less, but . . . could last up to 3 years" is based on a permissible reading of 8 U.S.C. § 1101(a)(15)(H)(ii)(b) and is consistent with the 1987 opinion of this Office addressing the meaning of "temporary" work under 8 U.S.C. § 1101(a)(15)(H)(ii)(a).

December 18, 2008

MEMORANDUM OPINION FOR THE ACTING GENERAL COUNSEL
DEPARTMENT OF HOMELAND SECURITY

Section 1101(a)(15)(H)(ii)(a) of title 8 of the United States Code permits aliens to obtain visas (referred to as "H-2A" visas) to come "temporarily to the United States to perform agricultural labor or services . . . of a temporary or seasonal nature." Section 1101(a)(15)(H)(ii)(b) similarly permits aliens to obtain visas (referred to as "H- 2B" visas) to come "temporarily to the United States to perform other temporary services or labor" if certain conditions are met. The regulation applicable to H-2A visas defines temporary work to mean "[e]mployment . . . where the employer's need to fill the position with a temporary worker will, except in extraordinary circumstances, last no longer than one year." 8 C.F.R. § 214.2(h)(5)(iv) (2007). The regulation applicable to H-2B visas defines temporary work as "any job in which the petitioner's need for the duties to be performed by the employee(s) is temporary, whether or not the underlying job can be described as permanent or temporary," 8 C.F.R. § 214.2(h)(6)(ii)(A); the employer's need "must be a year or less although there may be extraordinary circumstances where the temporary services or labor might last longer than one year." 8 C.F.R. § 214.2(h)(6)(ii)(B).

United States Citizenship and Immigration Services ("USCIS"), the successor within the Department of Homeland Security ("DHS") performing the immigration service and benefit functions of the Immigration and Naturalization Service ("INS"), proposes to revise the regulation governing H-2B visas. The new regulation would provide that "[e]mployment is of a temporary nature when the employer needs a worker for a limited period of time. The employer must establish that the need for the employee will end in the near, definable future." Changes to Requirements Affecting H-2B Nonimmigrants and Their Employers at 99 (draft final rule to be published in the Federal Register and codified at 8 C.F.R. § 214.2(h)(6)(ii)(B)) ("Draft Final Rule" or "Proposed 8 C.F.R. § 214.2(h)(6)(ii)(B)"); *see also* Changes to Requirements Affecting H-2B Nonimmigrants and Their Employers, 73 Fed. Reg. 49,109, 49,121 (proposed Aug. 20, 2008). The regulation would further provide that "[g]enerally, that period of time will be limited to one year or less, but in the case of a one-time event could last up to 3 years." Proposed 8 C.F.R. § 214.2(h)(6)(ii)(B).

You have asked whether the proposed regulation represents a permissible construction of the statute, and whether such an interpretation would be consistent with an earlier opinion of this Office addressing the meaning of "temporary" work under a then-recent amendment to section 1101(a)(15)(H)(ii)(a). *See* Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, § 301, 100 Stat. 3359, 3411; *Temporary Workers Under § 301 of the Immigration Reform and Control Act*, 11 Op. O.L.C. 39 (1987) ("*Temporary Workers*"). We conclude that USCIS's proposed rule is based on a permissible reading of the statute and is consistent with our 1987 opinion.[1]

## I.

Section 1101 does not define "temporary" work for purposes of H-2A or H-2B visas, nor does it indicate how long a position may last and still qualify as "temporary" work. The statute simply provides that an alien may come "temporarily" into the United States to perform "agricultural labor or services . . . of a temporary or seasonal nature" under an H-2A visa or to perform "other temporary service or labor" under an H-2B visa. 8 U.S.C. § 1101(a)(15)(H)(ii) (2006). In its ordinary sense, "temporary" means "lasting for a time only; existing or continuing for a limited time." *Webster's Third New International Dictionary* 2353 (1993). As we noted in our earlier opinion, this definition makes clear that "temporary" work lasts only "a limited period of time," *Temporary Workers*, 11 Op. O.L.C. at 40–41 & n.5, but it does not tell us how limited that period must be. The legislative history of the statute is silent about the expected duration of "temporary" work.

If Congress has "directly spoken to the precise question at issue," then the "unambiguously expressed intent of Congress" must be given effect. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984). But where a statute is "silent or ambiguous with respect to the specific issue," as section 1101 is here, the question "is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843; *see also Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 740–41 (1996) ("We accord deference to agencies under *Chevron* . . . because of a presumption that Congress, when it left ambiguity in a statute meant for implementation by an agency, understood that the ambiguity would be resolved, first and foremost, by the agency, and desired the agency . . . to possess whatever degree of discretion the ambiguity allows."). In light of Congress's silence, the question of how long a position may last and still be considered "temporary" is one that Congress left to USCIS to answer. *See Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 518–19 (Fed. Cir. 1995) (granting

---

[1] This opinion memorializes informal advice that we provided to your Office in October 2007 and to the INS in January 2003.

deference under *Chevron* to agency's interpretation of "temporary" under the Civil Service Retirement Act). *See generally INS v. Aguirre-Aguirre*, 526 U.S. 415, 424–25 (1999) ("It is clear that principles of *Chevron* deference are applicable to [the Immigration and Nationality Act].").

We conclude that USCIS's proposed rule represents a permissible construction of 8 U.S.C. § 1101(a)(15)(H)(ii)(b) under *Chevron*. Although the proposed rule specifies a time frame for the duration of temporary work—"[g]enerally . . . one year or less, but . . . up to 3 years"—it emphasizes that the focus is on the employer's need for the worker and whether that need is temporary. The proposed rule would make even clearer than the current rule that work will not be considered "temporary" unless it is restricted to a "limited period of time" and the employer's "need for the employee will end in the near, definable future." Proposed 8 C.F.R. § 214.2(h)(6)(ii)(B). This interpretation comports with the plain meaning of "temporary" and the agency's longstanding policy of focusing on the nature of the employer's need, *see In re Artee Corp.*, 18 I. & N. Dec. 366 (1982), which our 1987 opinion viewed as required by the statute and courts have upheld as reasonable. *See Temporary Workers*, 11 Op. O.L.C. at 41–42 (citing *In re Artee Corp.*); *Sussex Eng'g, Ltd. v. Montgomery*, 825 F.2d 1084, 1090 & n.4 (6th Cir. 1987); *N. Am. Indus., Inc. v. Feldman*, 722 F.2d 893, 901 (1st Cir. 1983); *see also Seven Star Inc. v. United States*, 873 F.2d 225, 226 (9th Cir. 1989) (affirming INS denial of visa under *In re Artee Corp.*); *Blumenfeld v. Att'y Gen.*, 762 F. Supp. 24, 28 n.5 (D. Conn. 1991) (same); *Wilson v. Smith*, 587 F. Supp. 470, 473 (D.D.C. 1984) (same); *Volt Tech. Servs. Corp. v. INS*, 648 F. Supp. 578, 582 (S.D.N.Y. 1986) (describing this view of section 1101(a)(15)(H)(ii) as "correct" interpretation of the statute). The proposed rule's specification of a time frame for temporary work—"[g]enerally . . . one year or less, but . . . up to 3 years"—is also within USCIS's discretion "[a]bsent clear congressional intent to the contrary." *Ceres Marine Terminal v. Hinton*, 243 F.3d 222, 227 (5th Cir. 2001). Employment for up to three years may still be considered to "exist[] or continu[e] for a limited time," *Webster's Third New International Dictionary* at 2353, as long as the employer's need for the worker is temporary. Although the word "temporary" is commonly applied to periods of a year or less,[2] it has also been applied with some frequency to periods of up to three years.[3]

---

[2] *See, e.g.*, 2 U.S.C. § 72a(i) (2006) (authorizing congressional committees to procure "temporary" services of consultants "not in excess of one year"); 5 U.S.C. § 3109 (2006) (authorizing agency heads to procure "temporary" services of outside experts and consultants "not in excess of 1 year"); Pub. L. No. 107-228, § 321, 116 Stat. 1350, 1380 (2002) (defining "temporary appointment" to mean an "appointment that is limited by its terms to a period of one year or less"); 22 U.S.C. § 3949(a) (2006) (defining as a "temporary appointment" in the foreign service an appointment "which is limited by its terms to a period of one year or less").

[3] *See, e.g.*, 5 U.S.C. § 3161(a) (2006) (defining "temporary organization" to include entities that exist for up to three years); *id.* § 3304a(a) (providing that "temporary" appointments in the competitive service

Although the current and the proposed rules both indicate that temporary work ordinarily would last one year or less, the proposed rule differs slightly from the current one in two respects: first, the current rule (but not the proposed one) specifies that the duration will exceed one year only in "extraordinary circumstances"; and second, the proposed rule (but not the current one) sets an upper limit of three years "in the case of a one-time event." These minor differences are within the scope of USCIS's interpretive discretion. Such changes are permissible if USCIS "adequately explains the reasons for [its change] of policy . . . 'since the whole point of *Chevron* is to leave the discretion provided by the ambiguities of a statute with the implementing agency.'" *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) (quoting *Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 742 (1996)). "[R]egulatory agencies do not establish rules of conduct to last forever . . . and . . . must be given ample latitude to adapt their rules and policies to the demands of changing circumstances." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 42 (1983); *see also Rust v. Sullivan*, 500 U.S. 173, 186–87 (1991); *Chevron*, 467 U.S. at 863–64. As set forth below, we conclude that USCIS has "adequately explain[ed] the reasons for [its change] of policy." *Nat'l Cable & Telecomm. Ass'n*, 545 U.S. at 981 (internal quotation marks omitted).

We do not believe that USCIS's proposed regulation for H-2B visas is impermissible because its time frame for "temporary" work would not be identical to that used for H-2A visas: Temporary work for H-2B visas would "[g]enerally . . . be limited to one year or less, but in the case of a one-time event could last up to 3 years," Proposed 8 C.F.R. § 214.2(h)(6)(ii)(B), whereas temporary work for H-2A visas would be limited to one year or less absent "extraordinary circumstances," 8 C.F.R. § 214.2(h)(5)(iv) (2007). Our 1987 opinion, it is true, observed that "[o]ne would expect . . . that 'temporary' would have the same meaning in both § 1101(a)(15)(H)(ii)(a) and (b)," because they are part of the same sentence. *Temporary Workers*, 11 Op. O.L.C. at 41. But subclauses (a) and (b) involve different (though related) classes of visas—H-2A visas apply to temporary

may last up to three years before conversion into career appointments); 7 U.S.C. § 6304(b)(6)(A) (2006) (providing that "temporary" appointments to a board may last for up to three years); 16 U.S.C. § 5952(11)(A) (2006) (permitting the award of "temporary" concessions contracts with terms of up to three years); 26 U.S.C. § 7805(e)(2) (2006) (allowing promulgation of "temporary" regulations for up to three years); 38 U.S.C. § 7405(c)(3) (2000) (allowing certain "temporary" appointments to last up to three years); 26 C.F.R. § 1.148-2(e) (2007) (allowing reinvestment of bond proceeds for "temporary periods" of up to three years); 30 C.F.R. § 250.302 (2007) (defining "temporary facility" to include activities conducted for up to three years); 49 C.F.R. § 555.15 (2007) (allowing "temporary" exemptions to last for three years). Although the term "temporary" is sometimes applied to periods extending beyond three years, *see, e.g.*, 42 U.S.C. § 7651n(b)(2) (2000) (providing for "temporary" demonstration project of up to five years); *id.* § 8321(e) (2000) (providing for "temporary" exemption of up to five years), USCIS may reasonably determine that work lasting longer than three years is likely to be permanent rather than temporary in nature. *Cf. Temporary Workers*, 11 Op. O.L.C. at 41 n.7.

"agricultural labor or services," H-2B visas to "other temporary services or labor," 8 U.S.C. § 1101(a)(15)(H)(ii)(a), (b)—and thus may serve different purposes. If USCIS's explanation for the different treatment is reasonable, both rules may be permissible interpretations of "temporary" work in 8 U.S.C. § 101(a)(15)(H)(ii)(a) and (b). *See Nat'l Ass'n of Cas. & Sur. Agents v. Bd. of Governors of Fed. Reserve Sys.*, 856 F.2d 282, 286–87 (D.C. Cir. 1988) (upholding agency interpretation of ambiguous statutory term that the agency had interpreted differently elsewhere in the statutory subsection) ("The Board's interpretation of Exemption D cannot be successfully attacked as a matter of administrative law merely because the Board has otherwise construed the two companion grandfather clauses."); *Common Cause v. FEC*, 842 F.2d 436, 441–42 (D.C. Cir. 1988) (similar); *cf. Abbott Labs. v. Young*, 920 F.2d 984, 987 (D.C. Cir. 1990) ("[I]t is not impermissible under *Chevron* for an agency to interpret an imprecise term differently in two separate sections of a statute which have different purposes."); *Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct & Sewer Auth.*, 888 F.2d 180, 187 (1st Cir. 1989) (Breyer, J.) (concluding that EPA may interpret the same language found in different parts of a statute to mean different things where its interpretive authority is implicit in the statutory scheme).

The policy rationale you have offered, *see* Changes to Requirements Affecting H-2B Nonimmigrants and Their Employers, 73 Fed. Reg. at 49,115; *see also* Draft Final Rule at 56–64, supports different treatment of the H-2A and H-2B visa programs and adequately explains the need for changing the DHS H-2B visa regulation. DHS has indicated that temporary work under the H-2B program is much more likely than work under the H-2A program to involve a non-seasonal project, such as the construction of an office building, industrial facility, bridge, or a ship, which will have a definable end point but may require more than one year to complete. 73 Fed. Reg. at 49,115. The current H-2B rule's requirement that employers provide evidence of extraordinary circumstances in order to employ temporary workers on a project longer than one year is thus impractical because it does not correspond to a prevalent need for H-2B workers. *See id*. Applying a general one-year limit to the H-2A visa program may not be similarly impractical in light of the largely seasonal nature of temporary work performed under that program. *See* Draft Final Rule at 58–59. USCIS thus could reasonably conclude that a more flexible rule that generally limits temporary work to one year but allows it to last up to three years better comports with the nature of temporary work in the H-2B context than in the H-2A context. Moreover, even after DHS promulgates its new H-2B visa regulation, its H-2A and H-2B visa rules would still be similar in essential respects: under both, temporary work would depend on the nature of the employer's need and ordinarily would last for only one year, but could last longer. Although the H-2A visa regulations do not expressly provide for temporary employment lasting up to three years, those regulations recognize that an employer's need for a temporary worker may last longer than one year, and potentially as long as three years, if an employer can show that "extraordinary

circumstances" have created a longer-term (but still temporary) need for the position. *See* 8 C.F.R. § 214.2(h)(5)(iv)(A).

## II.

We also conclude that the proposed regulation is consistent with our 1987 opinion addressing "temporary" work under 8 U.S.C. § 1101(a)(15)(H)(ii)(a). Our earlier analysis of the meaning of "temporary" work was based in significant part on "the present administrative interpretation of the word 'temporary'" set forth in then-current Department of Labor and INS regulations for H-2 visas, *see Temporary Workers*, 11 Op. O.L.C. at 41, and this qualification suggests that our conclusion was subject to change if the agencies revisited their interpretation, as USCIS now proposes to do.[4] Moreover, the INS had asked for "our opinion on what constitutes 'temporary' work" under 8 U.S.C. § 1101(a)(15)(H)(ii)(a), *Temporary Workers*, 11 Op. O.L.C. at 39, and we provided our view of the best reading of the statute, in the context of existing regulations, rather than the range of permissible agency interpretations. *See id.* at 43 ("[W]e believe a one-year

---

[4] The Department of Labor and INS regulations that we relied upon in our 1987 opinion have since been revised. USCIS has defined "temporary work" in 8 U.S.C. § 1101(a)(15)(H)(ii)(b) as employment where the employer's need lasts only one year absent extraordinary circumstances. 8 C.F.R. § 214.2(h)(6)(ii) (2007). By regulation, USCIS requires H-2B visa petitioners to obtain a certification of the Department of Labor that qualified U.S. workers are not available and the use of non-U.S. workers will not adversely affect the wages and working conditions of similarly employed U.S. workers. *Id.* § 214.2(h)(6)(iv)(A). To implement that requirement, the Department of Labor has adopted a procedure providing that "[a]s a general rule, the period of the employer's need must be 1 year or less, although there may be extraordinary circumstances where the need may be for longer than 1 year." Dep't of Labor, *Procedures for H-2B Temporary Labor Certification in Nonagricultural Occupations* at 2 (Nov. 10, 1994) ("Labor H-2B Procedures") (attachment to General Administration Letter No. 1-95) (available at http://wdr.doleta.gov/directives/attach/GAL1-95_attach.pdf, last visited Aug. 15, 2014). Neither the existing USCIS rule defining "temporary" work nor the Department of Labor procedures conflicts with our conclusion today. As noted above, USCIS may change its definition of "temporary," provided it explains its reasons for the change and the change is within the range of permissible interpretations of the statute. Moreover, USCIS, not the Department of Labor, has statutory responsibility to administer and interpret 8 U.S.C. § 1101(a)(15)(H)(ii)(b). *See* 8 U.S.C. § 1103(a)(1) (2006). The Department of Labor procedures make clear Labor's intent for the policy to conform to USCIS's standards for determining the temporary nature of a job offer, not independently to define the nature of temporary work, *see* Labor H-2B Procedures at 2 (noting that procedures "conform[] DOL standards for determining the temporary nature of a job offer under the H-2B classification with those of INS"). Indeed, in the preamble to proposed amendments to its regulations, Labor has stated that it "defers to the Department of Homeland Security and will use [its] definition of temporary need as published in [its] Final Rule on H-2B" and thus "will consider a position to be temporary as long as the employer's need for the duties to be performed is temporary or finite, regardless of whether the underlying job is temporary or permanent in nature, and as long as that temporary need . . . is less than 3 consecutive years." Labor Certification Process and Enforcement for Temporary Employment in Occupations Other Than Agriculture or Registered Nursing in the United States (H-2B Workers), and Other Technical Changes at 26, 33 (draft final rule to be published in the Federal Register).

limitation . . . . best reflects Congress' intent and will be administratively worka-ble."). Under *Chevron*, an agency construction of a statute must be sustained if it is reasonable, even if a better construction of the statute exists. *See* 467 U.S. at 843–44 & n.11; *accord Nat'l Cable & Telecomm. Ass'n*, 545 U.S. at 980 ("If a statute is ambiguous, and if the implementing agency's construction is reasonable, *Chevron* requires a federal court to accept the agency's construction of the statute, even if the agency's reading differs from what the court believes is the best statutory interpretation."). Because USCIS's policy judgment is based on a reasonable interpretation of an ambiguous statute, our earlier assessment of the statute's "best" reading, in the context of the regulations in effect at the time, 11 Op. O.L.C. at 41, cannot displace USCIS's interpretation, as set forth in its proposed regulation. *Cf. Nat'l Cable & Telecomm. Ass'n*, 545 U.S. at 982–83 ("Only a judicial precedent holding that the statute unambiguously forecloses the agency's interpretation, and therefore contains no gap for the agency to fill, displaces a conflicting agency construction.").

Finally, our 1987 opinion recognized that "temporary" work could last for longer than one year, as we stated that temporary work was "*generally* of less than one year's duration." *Temporary Workers*, 11 Op. O.L.C. at 43 (emphasis added); *see also id.* at 40 ("[W]e have concluded that temporary work under § 1101(a)(15)(H)(ii)(a) includes any agricultural work where the employer needs a worker for, as a general rule, a year or less."). We acknowledged that there may be "unusual circumstances where a 'temporary' job might last longer than a year." *Id.* at 41. This understanding, like the current definitions of temporary work for H-2A visas under 8 C.F.R. § 214.2(h)(5)(iv) and for H-2B visas under 8 C.F.R. § 214.2(h)(6)(ii)(B), is not inconsistent with the proposed rule, under which temporary work will "[g]enerally . . . be limited to one year or less, but in the case of a one-time event could last up to 3 years." Proposed 8 C.F.R. § 214.2(h)(6)(ii)(B).

Our 1987 opinion did reject a proposed INS regulation that would have permit-ted aliens to stay in the United States for up to three years for purposes of tempo-rary work. *See Temporary Workers*, 11 Op. O.L.C. at 41. However, that proposed rule differed significantly from the current proposal: the INS rule would have permitted an alien to obtain an H-2A visa for any job in the United States for a period of up to three years without regard to the nature of the employer's need. *See id.* at 40. We concluded that a "blanket assumption that all jobs are 'temporary' simply because the alien cannot occupy a job—any job—for more than three years . . . appears to be an interpretation not supported by the statute." *Id.* at 41 & n.9. That is not true of USCIS's proposed rule, which would classify work as "temporary" only where the employer's need for the worker is temporary.

JOHN P. ELWOOD
*Deputy Assistant Attorney General*
*Office of Legal Counsel*